IN THE MATTER OF STATE OF NEW JERSEY, RESPON-
DENT, v. COUNCIL OF NEW JERSEY STATE COLLEGE
LOCALS, NJSFT-AFT/AFL-CIO, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 20, 1977—Decided October 6, 1977.

Before Judges MATTHEWS, CRANE and ANTELL.

*Messrs. Sauer, Boyle, Dwyer, Canellis & Cambria,* attorneys for appellant (*Mr. William A. Cambria* on the brief).

*Mr. William F. Hyland,* Attorney General, for respondent State of New Jersey (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Melvin E. Mounts,* Deputy Attorney General, on the brief).

*Mr. Sidney H. Lehmann,* General Counsel, for Public Employment Relations Commission (*Mr. Don Horowitz,* Deputy General Counsel, on the brief).

PER CURIAM. This is an appeal from a determination of the State Public Employment Relations Commission dismissing an unfair practice charge filed by the Council of New Jersey State College Locals on behalf of Jack Barense, an Assistant Professor of Philosophy at Stockton State College. On December 9, 1974, Professor Barense was notified by the college president that he would not be reappointed. The professor commenced grievance proceedings which ultimately culminated in arbitration. However, it was not until March 19, 1976 that an unfair practice charge was filed on behalf of Professor Barense before the Commission.

The Commission concluded that the charge was not filed within the six-month period of limitation prescribed by *N. J. S. A.* 34:13A–5.4(c). In its determination the Commission made the following observations:

Rather than filing a charge, Professor Barense chose to pursue the contractual grievance procedure. However, pursuit of that procedure does not toll the period for the filing of a charge with the Commission alleging a violation of the Act. While it is true that the Commission has a policy of deferring to voluntarily agreed upon procedures for resolving disputes in a fashion that is compatible with the policies and purposes of the Act, we do retain jurisdiction over those cases and the charge must be filed in a timely fashion. Where the Legislature has given us *exclusive* power to prevent unfair practices but has

limited the issuance of complaints to events occurring within six months of the filing of charges, we cannot assert jurisdiction over an event which occurred more than six months before the charge was filed even when the charging party is attempting to resolve the matter through other means. Had the Legislature intended otherwise, it would have qualified the six months limitation.

On this appeal it is contended that the period of limitation provided in *N. J. S. A.* 34:13A–5.4(c) was tolled by the pending of grievance proceedings and that the Commission erred in its interpretation of *N. J. S. A.* 34:13A–5.4(c).

*N. J. S. A.* 34:13A–5.3 provides, among other things, that "notwithstanding any procedures for the resolution of disputes, controversies or grievances established by any other statute, grievance procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such agreement." This language, together with that of other statutory provisions, has been held to evidence "a clear legislative intent that disputes over contractual terms and conditions of employment should be solved, if possible, through grievance procedures." *Red Bank Bd. of Ed. v. Warrington,* 138 *N. J. Super.* 564, 572 (App. Div. 1976).

Nonetheless, the statutory direction that contractual grievance proceedings shall be utilized may not be read in isolation. It is a fundamental rule of statutory construction that all of the provisions of a statute must be considered as a unitary and harmonious whole in order that each provision may be given full effect. *Porcelli v. Titus,* 108 *N. J. Super.* 301, 309 (App. Div. 1969), certif. den. 55 *N. J.* 310 (1970). We perceive the interpretation of the Commission and its expressed administrative practice as an effort to harmonize the language of the statutory provisions in order that they may be administered in a workable and practicable manner. The interpretation of a statute by the agency charged with its enforcement is entitled to great weight. *In re Application of Saddle River,* 71 *N. J.* 14, 24 (1976). We find

it to be eminently reasonable and consonant with established principles of law. See *Nix v. Spector Freight System, Inc.,* 62 *N. J. Super.* 213, 223 (App. Div. 1960). Moreover, statutory provisions limiting the action of an administrative agency to claims presented within a specified term are jurisdictional in nature. *Lowden v. Board of Review,* 78 *N. J. Super.* 467 (App. Div. 1963).

Affirmed.